J-S18022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAYMOND DIXON JR. | : | |
| | : | |
| Appellant | : | No. 851 WDA 2023 |

Appeal from the PCRA Order Entered June 20, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000843-2021

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED: September 4, 2024**

Raymond Dixon, Jr., appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. Dixon maintains that he sufficiently pleaded a claim that trial counsel was ineffective. We affirm.

On June 29, 2022, a jury found Dixon guilty of two counts each of Involuntary Deviate Sexual Intercourse ("IDSI") with a Child, and Indecent Assault of a Child less than 13 years of age, and one count each of Sexual Assault, Unlawful Contact with a Minor, Endangering the Welfare of a Child, Corruption of Minors, and Indecent Exposure.[1] The convictions stemmed from incidents that occurred approximately 20 years prior to trial. Dixon was sentenced to an aggregate term of 10½ to 21 years' imprisonment on

---

[1] 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7) 3124.1, 6318(a)(1), 4304(a), 6301(a)(1), and 3127(a), respectively.

September 27, 2022. Dixon did not file a direct appeal. On April 20, 2023, Dixon filed the instant PCRA petition, which the court dismissed without a hearing on June 20, 2023. This appeal followed.

Dixon raises the following issue: "Whether [Dixon] pled sufficient facts in his Petition for Post-Conviction Relief, demonstrating a breakdown in the adversarial process, so as to make out a claim of ineffective assistance of counsel, which warranted the grant of a new trial?" Dixon's Br. at 4.

On appeal from the denial of a PCRA petition, we examine the court's decision to ensure it is supported by both the record and the law. We review the legal conclusions *de novo*. *See Commonwealth v. Campbell*, 260 A.3d 272, 277 (Pa.Super. 2021).

Dixon claims that his trial counsel was ineffective. It is presumed that trial counsel was effective, therefore he bore the burden of pleading and proving

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice because of the counsel's error, with prejudice measured by whether is a reasonable probability the result of the proceeding would have been different absent the error.

*Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023).

To demonstrate prejudice, a defendant must show a reasonable probability that without a counsel's supposed error, the result would have been different. A reasonable probability is one "sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. King*, 57

A.3d 607, 613 (Pa. 2012). A defendant must plead and prove all three elements of the ineffectiveness test to succeed. "A court is not required to analyze the elements of an ineffectiveness claim in any order of priority; if a claim fails under any necessary element, the court may proceed to that element first." **Johnson**, 289 A.3d at 980.

It is also "well-settled that arguments of counsel are not evidence." **Commonwealth v. Moore**, 263 A.3d 1193, 1206 (Pa.Super. 2021) (quoting **Commonwealth v. Puksar**, 951 A.2d 267, 280 (Pa. 2008)). Juries are presumed to follow court's instructions unless evidence is presented otherwise. **See Commonwealth v. Chmiel**, 30 A.3d 1111, 1147 (Pa. 2011).

Dixon argues that he presented "sufficient facts in his Petition for Post-Conviction Relief, demonstrating a breakdown in the adversarial process, so as to make out a claim of ineffective assistance of counsel." Dixon's Br. at 4. He maintains that trial counsel's statements and actions "lent credibility to the testimony of the Commonwealth's princip[al] witness and suggested that a crime did, in fact, occur." **Id.** at 12. Dixon takes issue with the following statements made by his trial counsel during Dixon's jury trial:

> You just heard a very powerful opening statement. **The district attorney is very good at his job.**
>
> I believe this case is going to be tricky, as these cases always inherently are tricky. **The subject matter just makes it difficult**.
>
> I'm not going to lie that what you're going to hear, **the allegations that you're going to hear are of a terrible nature. The district attorney already told you. I'm sure you thought it was horrendous.**

The district attorney I feel like is going to try to **downplay the fact that there is such an extended delay in reporting. And I do understand that those things do happen**.

[T]he district attorney explained, we're not even sure **what year _this happened in_**. We're thinking 2003 or 2004. But we don't even know what year.

Q. Okay. Thank you for clarifying. **So there were times that Mr. Dixon would babysit you then and _nothing improper happened_?**"

Q. Okay. And you never witnessed any -- **you never witnessed Mr. Dixon doing anything improper _with anyone else_**, including your siblings[?]

And **I understand there can be delayed reports**.

There's going to be inferences that, yeah, **he's, you know, going to say whatever he can to save himself basically.**

**_Id._** at 27-29 (citations to record and ellipses omitted; emphasis in Dixon's Br.).

Dixon points to these statements as evidence of his counsel undermining him, essentially making a tacit admission of guilt. **_Id._** at 29. He argues that "[w]hile the statements may not have been intentional, they had the unintended effect of diminishing the adversarial nature of the trial and bolstering the stature of the prosecution's case." **_Id._** at 27. His claim is that these actions were taken without any reasonable strategic basis and broke down the adversarial process of the trial, thus warranting a new trial. **_Id._** at 4, 33. He points out that "[i]n a he-said-he-said case of this sort, tried almost 20 years from the date of the alleged crimes, trial counsel needed to be more circumspect about the sort of off-the-cuff statements he made for the reason

that they signal to the jury that Mr. Dixon's own advocate is not unequivocally on his side." *Id.* at 29.

Dixon likens his case to **McCoy v. Louisiana**, 584 U.S. 414 (2018). There, defense counsel, as a strategy, conceded McCoy's guilt against his wishes in the hopes of avoiding the death penalty. **McCoy**, 584 U.S. at 417. The United States Supreme Court held that "[w]hen a client expressly asserts that the objective of [his defense] is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." *Id.* at 423. Dixon compares the blanket admission of guilt in **McCoy** to the statements made by his own counsel, arguing they "sound in the same spirit." Dixon's Br. at 31. Dixon critiques the statements, which he maintains persuaded jurors to find him guilty by blurring the line between the prosecution and defense without a reasonable strategic basis. *Id.* at 32-34.

The PCRA court found that Dixon's claim failed. **See** PCRA Court Opinion, filed 11/6/23, at 3. The court explained:

> Counsel's statement that the subject matter is difficult or terrible is nothing more than an acknowledgement of the seriousness of the accusations. Recognizing the reality of delayed reporting and the competency of opposing counsel do not establish one element of any offense. [Dixon] impugns a word or phrase choice made by trial counsel but fails to establish that anything trial counsel said impacted the decision.

*Id.*

We agree with this analysis. Dixon has not shown prejudice. The trial court instructed the jury that the arguments and statements of counsel are

not evidence. ***See*** N.T. at 220; ***Moore***, 263 A.3d at 1206. Juries are presumed to follow the court's instructions. ***See Chmiel***, 30 A.3d at 1147. Dixon simply assumes prejudice was satisfied by his argument of the other factors. ***See*** Dixon's Br. at 34. As the PCRA court pointed out, counsel's comments served to acknowledge to the jury the seriousness of the allegations and other difficulties the defense faced. They do not undermine confidence in the verdict. Furthermore, Dixon's reliance on ***McCoy*** is misplaced. Here, unlike in ***McCoy***, trial counsel did not at any time admit Dixon's guilt. Accordingly, we affirm the order denying Dixon's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  9/4/2024